**STEPHEN L. BRISCHETTO, OSB No. 781564**
**DEZI RAE ROBB, OSB NO. 151777**
slb@brischettolaw.com
drobb@brischettolaw.com
621 SW Morrison St Ste 1025
Portland OR 97205
Telephone: 503 223-5814
Fax: 503 274-8575

Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **BRIGID O'CALLAGHAN**,<br><br>    Plaintiff,<br>vs.<br><br>**U.S. BANK NATIONAL ASSOCIATION**,<br><br>    Defendant. | Case No. 3:17-cv-02039<br><br>**FIRST AMENDED COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES**<br><br>**JURY TRIAL DEMANDED** |

## I.     JURISDICTION

1. This court has jurisdiction of plaintiff's claims for violation of the Age Discrimination in Employment Act under 29 USC § 623(a)(1) and (d); 29 USC § 623(d); and 29 USC § 2617(a)(2).

2. This court maintains jurisdiction over plaintiff's claims for violations of the Title VII of the Civil Rights Act of 1964 under 42 USC § 2000-2(a) and 42 USC § 2000e-3(a).

PAGE 1 – FIRST AMENDED COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES

*LAW OFFICES OF STEPHEN L. BRISCHETTO*
*ATTORNEYS AT LAW*
*621 SW Morrison St., Suite 1025*
*Portland, Oregon 97205*
*Telephone:  (503) 223-5814*
www.employmentlaworegon.com

Amended Complaint.1.docx

3. Jurisdiction is proper over each of plaintiff's claims arising under the laws of the United States under 28 USC § 1331 and also 28 USC § 1343.

4. This court has supplemental jurisdiction of plaintiff's state law claims under 28 USC § 1367. Both federal and state law claims alleged herein arose from a common nucleus of operative facts, and the state claims are so related to the federal claims that they form part of the same case or controversy that the actions would ordinarily be expected to be tried in one judicial proceeding.

## II.   PARTIES

5. Plaintiff, Brigid O'Callaghan, is a female, born on April 19, 1967. Plaintiff currently and at all times relevant herein, resides in Lake Oswego, Clackamas County, Oregon.

6. Defendant U.S. Bank, National Association ("U.S. Bank") is a national banking association with its main office in Ohio. U.S. Bank engages in business in the State of Oregon. Defendant is an employer for purposes of 29 USC § 623(a)(2), 29 USC § 623(d), 42 USC § 2000-2(a), 42 USC § 2000-e(3)(a), 29 USC § 2615; ORS 659A.030, and ORS 659A.183.

## III.   FACTUAL ALLEGATIONS

7. Plaintiff was hired by U.S. Bank on or about June 17, 1985. Plaintiff was employed for over 20 years as a manager in the Government Banking Division until she was demoted in November 2016 from a Grade 19 to a Grade 18 employee.

8. During plaintiff's tenure as a manager of the Government Banking Division of U.S. Bank, she grew the division from a small team that served only the Oregon area

*LAW OFFICES OF STEPHEN L. BRISCHETTO*
*ATTORNEYS AT LAW*
*621 SW Morrison St., Suite 1025*
*Portland, Oregon 97205*
*Telephone: (503) 223-5814*
www.employmentlaworegon.com

Amended Complaint.1.docx

to a nationally recognized Public Sector Banking enterprise which spanned all 50 states and generated more than $300 million in revenue for U.S. Bank annually.

9. Plaintiff has excelled in her position as a manager in her division. Plaintiff has been successful in the key management and leadership effectiveness measures outlined by defendant including Employee Engagement, Client Advocacy, Employee Development and Financial Performance.  More of plaintiff's employees have received the prestigious Summit Award than any other manager in the Government Banking Division.

10. Plaintiff has received numerous accolades in reference to her work with U.S. Bank.  Plaintiff was recognized by the American Banker Magazine as a Most Powerful Woman in Banking and by the Oregon Banker's Association as "Banker of the Year".

11. In 2011, defendant promoted Ms. O'Callaghan to Corporate Banking Division Manger 3.  Her duties in her new role included being responsible for three teams; two regional teams of Relationship Managers and one team of Relationship Managers who were partnered with Community Banking to cover smaller Community Bank Government customers which were referred to as the Local Team.

12. At this time, plaintiff reported to the Government Banking Division Manager, Chris Karlin.  In February 2014, plaintiff's department went through a reorganization and starting in July 2014, plaintiff began reporting to the Head of Public and Nonprofit Finance, Joe Murphy, in New York City.

13. In July of 2014, the position supervising plaintiff's position, the Division Manager, became vacant.  Throughout 2015 and early 2016, plaintiff had conversations with Mr. Murphy about career advancement.  Plaintiff expressed her interest in the Division Manager

PAGE 3 – FIRST AMENDED COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES

*LAW OFFICES OF STEPHEN L. BRISCHETTO*
*ATTORNEYS AT LAW*
*621 SW Morrison St., Suite 1025*
*Portland, Oregon 97205*
*Telephone:  (503) 223-5814*
www.employmentlaworegon.com

Amended Complaint.1.docx

position to Mr. Murphy and others on at least nine occasions between July 2014 and April 2016. Mr. Murphy told plaintiff that she was one of the best, if not the best, in the Public Sector and would be given an opportunity to compete for the position.

14. On or about April 1, 2016, Mr. Murphy announced the hiring of a male, William Collins, to fill the vacant Division Manager Position. Mr. Collins was substantially less qualified for the position than plaintiff. Mr. Collins began his role as the Division Manager on April 4, 2016.

15. The vacant Division Manager Position was never posted as available, applications were never solicited and there was no competition for the position prior to Mr. Collins filling the position. Plaintiff was never offered any opportunity to apply for the position despite being highly qualified for the Division Manager posting.

16. Other manager positions became available as a result of the 2016 Government Banking Division Reorganization. Plaintiff fulfilled these roles, or similar duties, for the Division in the past and should have been considered highly qualified for these positions as well. Plaintiff was never given the opportunity to post for these other positions.

17. On or about May 4, 2016, plaintiff notified her supervisors that she needed to take medical leave. Plaintiff went on medical leave from May 9 through June 6 for a serious health condition. Defendant approved the leave for Family Medical Leave and Oregon Family Leave.

18. On or about May 16, 2016, a Regional Sales Manager who was subordinate to plaintiff, announced to her team that some of plaintiff's subordinates would be reporting to her. She stated that plaintiff's job as Group Manager was being eliminated.

PAGE 4 – FIRST AMENDED COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES

*LAW OFFICES OF STEPHEN L. BRISCHETTO*
*ATTORNEYS AT LAW*
*621 SW Morrison St., Suite 1025*
*Portland, Oregon 97205*
*Telephone: (503) 223-5814*
www.employmentlaworegon.com

Amended Complaint.1.docx

19. A few days before plaintiff's return, on or about June 2, 2016, Mr. Collins announced that the scope of her management responsibilities had been changed. Some of plaintiff's best and highest profit accounts were being removed and one of her key reports was being reassigned to report directly to Mr. Collins. The male relationship manager responsible for large State relationships was reassigned to report directly to Mr. Collins. Plaintiff returned to work on June 6, 2016.

20. At the time that plaintiff's management responsibilities were reduced, her Western Group Division was more than $2 million dollars ahead of their sales plan for the year and generating 20% more revenue than the previous year.

21. Upon plaintiff's return from medical leave, Mr. Collins began treating her as though she was no longer a manager. He began to exclude plaintiff from meetings and discussions relating to areas plaintiff was responsible for. When plaintiff asked to be included, Mr. Collins became aggressive and defensive. Mr. Collins began to disregard the chain of command with regard to plaintiff's remaining employees. He would also schedule meetings with plaintiff's clients and not include plaintiff. Overall, Mr. Collins was generally hostile or disrespectful towards plaintiff.

22. On or about June 8, 2016, plaintiff had a conversation with Mr. Collins that began in a taxicab ride to the San Francisco Airport and continued in the ticket lobby of the Airport. Mr. Collins told plaintiff that to advance in her career she would need to "leave the company." Mr. Collins made a series of age stereotyped comments to plaintiff in the discussion of her desire to advance her career. He said that the Government Banking Division had "too many old people" and that they needed to "encourage people to move on" or "self-select." Mr.

PAGE 5 – FIRST AMENDED COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES

*LAW OFFICES OF STEPHEN L. BRISCHETTO*
*ATTORNEYS AT LAW*
*621 SW Morrison St., Suite 1025*
*Portland, Oregon 97205*
*Telephone: (503) 223-5814*
www.employmentlaworegon.com

Amended Complaint.1.docx

Collins spoke about two employees being eligible for retirement. From plaintiff's observations of Mr. Collins' behavior these comments appeared to be targeted at bank employees with long tenure.

23. Plaintiff continued to inquire about advancement opportunities and about her role within her Division with defendant. Plaintiff was repeatedly told there were no plans to demote her.

24. Plaintiff requested an in-person meeting to discuss her role in the Division. Mr. Collins was noticeably reluctant to schedule a meeting. Mr. Collins visited Portland on or about July 13 and 14, 2016. He met with customers and business partners but did not make any time to meet with plaintiff who was his only direct report in the market.

25. On or about July 21, 2016, plaintiff met with Mr. Collins in Sacramento. Plaintiff had previously requested a meeting with him for several weeks. He told plaintiff again that she would need to leave the company to advance her career. In this meeting, Mr. Collins made age stereotyped comments in the discussion of her desire for career advancement. Mr. Collins made reference to certain employees who would be encouraged to retire sooner than later.

26. Mr. Collins and Mr. Murphy engaged in demeaning age and sex stereotyped actions and comments to undermine plaintiff's authority. As an example, on or about September 2, 2016, Mr. Murphy told plaintiff that she "didn't know what she was talking about" and that her ideas were "stupid" in front of Mr. Collins and her subordinate employees. In October 2016, Plaintiff learned that Mr. Collins had told two of her direct reports that they should take direction from him alone. Mr. Collins promoted an employee under plaintiff's

PAGE 6 – FIRST AMENDED COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES

*LAW OFFICES OF STEPHEN L. BRISCHETTO*
*ATTORNEYS AT LAW*
*621 SW Morrison St., Suite 1025*
*Portland, Oregon 97205*
*Telephone: (503) 223-5814*
www.employmentlaworegon.com

Amended Complaint.1.docx

responsibility without seeking input from the direct supervisors or from plaintiff. In meetings with plaintiff's peers and subordinates, Mr. Collins would skip over plaintiff's items on the agenda, not allowing her to report on her activities.

27. On or about November 8, 2016, plaintiff was demoted. Mr. Collins told plaintiff that her job grade was being reduced from a Grade 19 to a Grade 18 and that the scope of her responsibilities would be further reduced. Plaintiff's reduced pay grade was applied retroactively to the beginning of 2016 causing her to lose some of her merit increase, incentive compensation and long term compensation.

28. On or about November 9, 2016, plaintiff participated in a mid-year review with Mr. Collins. They went through financial reports which showed that plaintiff's Western Group Teams were significantly ahead of their goal through October. Mr. Collins responded to this information by saying that plaintiff's success was simply "luck."

29. On or about November 22, 2016, Mr. Murphy and Mr. Collins issued a notice of a reorganization of the Banking Division. Plaintiff was not included on the distribution list for the announcement even though she was significantly impacted by the change. Plaintiff's 9 direct reports and 14 indirect reports were all reassigned to report to others. From November 22, 2016 until February 17, 2017, plaintiff had no clear job duties or subordinates.

30. As early as March 2016, Plaintiff began speaking with U.S. Bank's Human Resources representatives about the way in which she was being treated. Plaintiff had several additional conversations with Human Resources subsequently reporting that her current treatment gave the appearance of a demotion.

PAGE 7 – FIRST AMENDED COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES

*LAW OFFICES OF STEPHEN L. BRISCHETTO*
*ATTORNEYS AT LAW*
*621 SW Morrison St., Suite 1025*
*Portland, Oregon 97205*
*Telephone: (503) 223-5814*
www.employmentlaworegon.com

Amended Complaint.1.docx

31. On or about November 23, 2016, Mr. Collins held a new managers meeting. Plaintiff asked questions about new assignments but Mr. Collins ignored plaintiff's questions. Other managers made comments to plaintiff that Mr. Collins treatment of her in the meeting was unprofessional.

32. On or about November 23, 2016, plaintiff followed procedures outlined by defendant and called the U.S. Bank's Ethics Line to make an anonymous ethics complaint. The complaint alleged discrimination and retaliation, detailing that an employee of defendant was demoted because she was a woman and that Mr. Collins had made comments concerning employees' ages. Shortly after making the anonymous complaint, plaintiff contacted HR Generalist, Maureen McGovern and provided her with the Report ID and allowed plaintiff's name to be associated with the complaint. Defendant investigated the complaint internally and determined that none of the allegations were substantiated.

33. Mr. Collins has sought validation or confirmation of plaintiff's decisions from male subordinates on several occasions. Other employees have told plaintiff that Mr. Collins does not like women.

34. On or about December 20, 2016, a Government Banking Regional Sales Manager told plaintiff that two of her peers, Carol Gilstrap and Marti Croak, were demoted because of their age. She told plaintiff that Mr. Collins painted plaintiff with the "same brush" as Gilstrap and Croak and that they were being put "out to pasture."

35. Plaintiff timely filed a complaint of unlawful employment practices with the Oregon Bureau of Labor and Industries ("BOLI") prior to filing suit on their claims for

PAGE 8 – FIRST AMENDED COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES

*LAW OFFICES OF STEPHEN L. BRISCHETTO*
*ATTORNEYS AT LAW*
*621 SW Morrison St., Suite 1025*
*Portland, Oregon 97205*
*Telephone: (503) 223-5814*
www.employmentlaworegon.com

Amended Complaint.1.docx

unlawful employment practices and have timely filed this action within 90 days of BOLI's issuance of a right to sue notice.

36. As a direct and proximate result of defendant's actions, plaintiff has suffered lost wages and fringe benefits through trial, and prejudgment interest on lost wages and benefits, in an amount to be determined at trial. Plaintiff is entitled to an order reinstating her to a Grade 19 Position or higher or in the alternative an award of lost future wages of from the date of trial until such as time as plaintiff is promoted to the position she was discriminatorily denied or plaintiff's retirement, whichever occurs first. Plaintiff has suffered lost retirement benefits, and plaintiff will suffer lost future retirement benefits, in an amount as yet to be determined.

37. As a direct and proximate result of defendant's actions, plaintiff has suffered emotional distress, damage to her reputation both internally within U.S. Bank and externally in the business community, and other compensatory damages in an amount to be determined at trial.

38. Defendant's actions were in deliberate disregard of plaintiff's employment rights. Plaintiff is entitled to an award of punitive damages in an amount to be determined at trial.

39. Defendant's conduct constituted willful age discrimination. As a result, plaintiff is entitled to a liquidated damages penalty equal to lost wages and benefits and in an amount to be determined at trial.

40. Plaintiff has hired legal counsel to bring these claims. Plaintiff is entitled to an award of costs and reasonable attorney fees.

## IV.    CLAIMS FOR RELIEF

PAGE 9 – FIRST AMENDED COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES

*LAW OFFICES OF STEPHEN L. BRISCHETTO*
*ATTORNEYS AT LAW*
*621 SW Morrison St., Suite 1025*
*Portland, Oregon 97205*
*Telephone: (503) 223-5814*
www.employmentlaworegon.com

Amended Complaint.1.docx

## FIRST CLAIM FOR RELIEF (SEX DISCRIMINATION)

41. Plaintiff incorporates by reference paragraphs 1 through 40.

42. Defendant subjected plaintiff to different treatment because of sex by failing to consider plaintiff for promotion, by altering plaintiff's assignments and management duties, by demoting plaintiff and by subjecting plaintiff to a hostile workplace in violation of 42 USC § 2000e-2(a) and ORS 659A.030.

43. Defendant has subjected plaintiff to disparate impact discrimination in violation of 42 USC § 2000e-2(a) and ORS 659A.030 by filling promotional opportunities for high level management positions without posting them as available and providing for a competitive process.

## SECOND CLAIM FOR RELIEF (RETALIATION)

44. Plaintiff incorporates by reference paragraphs 1 through 40.

45. Defendant altered plaintiff's assignments and management responsibilities, demoted plaintiff, and subjected plaintiff to a hostile workplace in retaliation for plaintiff's opposition to unlawful employment practices in violation of ORS 659A.030(1)(f), 42 USC § 2000e-3(a) and 29 USC § 623(d).

## THIRD CLAIM FOR RELIEF (AGE DISCRIMINATION)

46. Plaintiff incorporates by reference paragraphs 1 through 40.

47. Defendant subjected plaintiff to different treatment because of age by failing to consider plaintiff for promotion, by altering plaintiff's assignments and management duties, by demoting plaintiff and by subjecting plaintiff to a hostile workplace because of plaintiff's age in violation of ORS 659A.030 and 29 USC § 623(a)(2) & (d).

PAGE 10 – FIRST AMENDED COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES

*LAW OFFICES OF STEPHEN L. BRISCHETTO*
*ATTORNEYS AT LAW*
*621 SW Morrison St., Suite 1025*
*Portland, Oregon 97205*
*Telephone: (503) 223-5814*
www.employmentlaworegon.com

Amended Complaint.1.docx

48. Defendant subjected plaintiff to disparate impact discrimination in violation of ORS 659A.030 and 29 USC § 623(a)(2) & (d) by filling high level management positions without posting them as available and providing for a competitive process..

**FOURTH CLAIM FOR RELIEF (FMLA/OFLA RETALIATION)**

49. Plaintiff incorporates by reference paragraphs 1 through 40.

50. Defendant altered plaintiff's assignments and management responsibilities, demoted plaintiff and subjected plaintiff to a hostile workplace in retaliation for plaintiff exercising her right to take medical leave for a serious health condition in violation of 29 USC § 2615 and ORS 659A.183.

**FIFTH CLAIM FOR RELIEF (CONSTRUCTIVE DISCHARGE)**

51. Plaintiff incorporates by reference paragraphs 1 through 40.

52. Subsequent to the November 2016 reorganization, defendant subjected plaintiff to a continuing course of discriminatory and retaliatory treatment including but not limited to separating plaintiff's job into two positions, assigning another employee to the second position and providing the other employee with different, preferential treatment compared to plaintiff; delaying the assignment of employees to plaintiff leaving her for an extended period of time as a manager with no employees to supervise; excluding plaintiff from important meetings; failing to respond to plaintiff's communications requesting clarification of plaintiff's duties, her role and the definition of accounts for which she was responsible; delaying the assignment of accounts to her for a period of over 18 months which directly affected plaintiff's ability to achieve her goals; making a statement to another management level employee that led the manager to believe plaintiff would be gone from US Bank in 6 months; describing plaintiff to

PAGE 11 – FIRST AMENDED COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES

*LAW OFFICES OF STEPHEN L. BRISCHETTO*
*ATTORNEYS AT LAW*
*621 SW Morrison St., Suite 1025*
*Portland, Oregon 97205*
*Telephone: (503) 223-5814*
www.employmentlaworegon.com

Amended Complaint.1.docx

another employee as an "HR problem"; reducing plaintiffs' portfolio of accounts from accounts generating over $300 million dollars in revenue to accounts generating approximately $64 million dollars in revenue to accounts generating approximately $15 million dollars in revenue which created the potential for further reductions in plaintiff's pay.

53. On or about June 19, 2018, plaintiff was constructively discharged from her employment. Plaintiff sent a letter to Jennie Carlson, Executive Human Resource Officer and District Manager Joe Murphy stating that she was resigning from her position with U.S. Bank, that her resignation was not voluntary and that she was being constructively discharged due to her supervisors' actions and Human Resources' failure to take corrective action against her supervisors.

54. Defendant knew, or was substantially certain, that defendant's intentional conduct would cause plaintiff to leave her employment.

55. Plaintiff subjectively viewed her workplace as intolerable and a reasonable woman in plaintiff's position would have considered the workplace intolerable.

56. Defendant constructively discharged plaintiff in violation of 42 USC §2000e-2a, 42 USC §2000e-3(a), ORS 659A.030, ORS 659A.030(1)(f), and 29 USC § 623(a)(2) & (d) through a pattern of intentional conduct due to plaintiff's gender, her age and her prior complaints of discrimination including but not limited to failing to promote plaintiff, undermining her authority as a manager, decreasing her scope of responsibilities, subjecting her to demeaning comments and remarks, demoting her, reducing her pay such that defendant knew or was substantially certain that its conduct would cause her to resign from her employment.

PAGE 12 – FIRST AMENDED COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES

*LAW OFFICES OF STEPHEN L. BRISCHETTO*
*ATTORNEYS AT LAW*
*621 SW Morrison St., Suite 1025*
*Portland, Oregon 97205*
*Telephone: (503) 223-5814*
www.employmentlaworegon.com

Amended Complaint.1.docx

## V. RELIEF

WHEREFORE, plaintiff prays for judgment as follows:

1. An award of lost wages and fringe benefits, and prejudgment interest through trial, in an amount to be determined at trial;

2. An order reinstating plaintiff to a Grade 19 Position or higher or in the alternative an award of lost future wages and fringe benefits through retirement in an amount to be determined at trial;

3. An award for mental and emotional distress, damage to reputation and other compensatory damages in an amount to be determined at trial;

4. An award of liquidated damages in an amount to be determined at trial;

5. An award of punitive damages in an amount to be determined at trial;

6. An award of costs and reasonable attorney fees; and

7. All other fit and proper relief as the court may deem proper.

DATED this 4th day of August, 2018.

s/*Dezi Rae Robb*
Dezi Rae Robb, OSB No. 151777
Stephen L. Brischetto, OSB No. 781564
Attorneys for Plaintiff
621 SW Morrison St., Suite 1025
Portland, Oregon 97205
Attorney for Plaintiffs
Ph:503-223-5814
drobb@brischettolaw.com
slb@brischettolaw.com

PAGE 13 – FIRST AMENDED COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES

*LAW OFFICES OF STEPHEN L. BRISCHETTO*
*ATTORNEYS AT LAW*
*621 SW Morrison St., Suite 1025*
*Portland, Oregon 97205*
*Telephone: (503) 223-5814*
www.employmentlaworegon.com

Amended Complaint.1.docx

Plaintiff herein demands trial by jury.

        s/*Dezi Rae Robb*
Dezi Rae Robb, OSB No. 151777
Stephen L. Brischetto, OSB No. 781564
Attorneys for Plaintiff
621 SW Morrison St., Suite 1025
Portland, Oregon 97205
Attorney for Plaintiffs
Ph:503-223-5814
drobb@brischettolaw.com
slb@brischettolaw.com

PAGE 14 – FIRST AMENDED COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES

*LAW OFFICES OF STEPHEN L. BRISCHETTO*
*ATTORNEYS AT LAW*
*621 SW Morrison St., Suite 1025*
*Portland, Oregon 97205*
*Telephone: (503) 223-5814*
www.employmentlaworegon.com

Amended Complaint.1.docx